UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW JERSEY

CASE NO. 19-CV-13988-KM-MAH

MARK WEINBERGER,

    Plaintiff,

VS.

ESI CASES AND ACCESSORIES, INC. and ELLIOT AZOULAY,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants, ESI Cases and Accessories, Inc. and Elliot Azoulay, by and through his undersigned counsel, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss the Plaintiff's Complaint and in support states as follows:

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff's Complaint in this action contains two (2) counts associated with alleged wages due, including: Breach of Employment Agreement, and claims under Pennsylvania Wage Payment & Collection Law.

Plaintiff alleges that he was an employee out of the New Jersey office of Defendant, ESI Cases and Accessories, Inc. ("ESI") since 2008. *Complaint* ¶4 and 9. Plaintiff alleges that in 2011 the parties entered into an employment agreement, which is attached to the Complaint. *Id*. Plaintiff then claims that over the next 8 years, Defendant ESI was paid commission on his sales, but never paid an override commission on other sales persons that was allegedly due under the (amended) employment agreement. *Complaint* ¶15. Plaintiff never demanded the same until this

case. As an additional issue, the contract claim is based on an unexecuted contract. *Complaint* Exhibit B.

## STANDARD OF REVIEW

A plaintiff is "entitled to survive a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) if there is any set of facts that, if proven at trial, would entitle [it] to recover." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 551 n.8, 74 L. Ed. 2d 723, 103 S. Ct. 897 (1983). A court is not bound to accept as true a legal conclusion couched as a factual allegation. *See B.H. Papasan v. Allain*, 478 U.S. 265, 286, 92 L. Ed. 2d 209, 106 S. Ct. 2932 (1986). Although the federal rules embrace a liberal pleading standard, bald assertions and conclusions of law will not defeat a properly supported motion to dismiss. See *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996). The pleading deficiencies within the Plaintiff's Complaint satisfy the standard for granting this Motion to Dismiss.

## LEGAL ARGUMENT

### I. Statute of Limitations

In Count 1 of the Complaint, the unsigned contract at issue references a start date of May 30, 2011. *Complaint* Exhibit B. The Complaint states the unsigned agreement went in effect May 2011. *Complaint* ¶10. The amount alleged due under the Complaint starts in 2011 and has never been paid. *Complaint* ¶15. The New Jersey Statute of Limitations is six (6) years. NJSA 2A:14-1.[1]

Dismissing this cause of action is consistent with the very purpose of the Statute of Limitation, in which the statute "is to stimulate prompt action and to penalize negligence, while

---

[1] Plaintiff seeks in Count 2 application of Pennsylvania law, which has a Statute of Limitations for four (4) years. 42 Pa.C.S.A. §5525. As both Statutes have run, a determination of application of which limitation is not necessary at this time.

promoting repose by establishing stability in human affairs." *Estate of Hainthaler v Zurich Commercial Insurance,* 387 N.J.Super.318 (App.Div. 2007). "Stated differently, the purpose of statutes of limitations is to protect defendants from unexpected enforcement of stale claims by plaintiffs who fail to use reasonable diligence in prosecuting their claims." *Id.* citing *LaFage v. Jani,* 166 *N.J.* 412, 423, 766 *A.*2d 1066 (2001). Here, Plaintiff is asking the Court to look back to 2011, analysis the language of the 2011 unsigned contract, and determine in 2019 liability for not paying pursuant to the alleged May 2011 arrangement.² Waiting until now, in 2019, ESI is not protected by the very purpose of the Statute of Limitations from unexpected enforcement of stale claims, if such claim ever existed. A review as to the 2011 meaning will be in dispute. A timely claim would have put Defendant on notice and allowed for consideration of risks and timely determination of the language in the alleged contract, plus ESI and Mr. Azoulay the 2019 ambush at time of resignation. Here, Plaintiff has resigned and then filed suit in 2019. *Complaint ¶*17.

In similar rational, the New Jersey Supreme Court has stated that "[b]ecause the discovery rule imposes on plaintiffs an affirmative duty to use reasonable diligence to investigate a potential cause of action, and thus bars from recovery plaintiffs who had 'reason to know' of their injuries, the discovery rule generally does not apply to contract actions.*" County of Morris v. Fauver*, 153 N.J. 80, 110 (1998). NJ courts have identified the accrual of the cause of action as the date on which 'the right to institute and maintain a suit' first arose. *Fredericks v. Town of Dover*, 125 N.J.L. 288, 291, 15 A.2d 784, 787 (E. & A. 1940). Plaintiff is bringing an action based on his alleged contract with the employer, which he signed, and claims is enforceable. *Complaint* ¶¶ 10, 11 and 12. It is clear that his position in 2011 was entitlement to the override commission

---

² There will be, if this case continues, dispute about the meaning of sales person in 2011 and who is covered by this alleged override provision.

that he is now claiming post-resignation in 2019. *Complaint* ¶10 and Exhibit B. Therefore, he cannot deny he was aware of the claim in 2011, 2012, 2013, 2014, 2015, 2016 and 2017.

Dismissing this case is in-line with the US Supreme Court's analysis of the Statute of Limitations dating back to 1879. *See, Wood v Carpenter,* 101 US 135 (1879). Justice Swayne for the US Supreme Court stated that limitation statutes are important public policy considerations and that "they stimulate to activity and punish negligence and promote by giving security and stability to human affairs."  Accordingly, the contract at issue was breached over 8 years ago and the Count 1 should be dismissed with prejudice.

## II.     Statute of Frauds

Count 1 of the Complaint alleges liability and damages under an unexecuted contract related to employment that is for allegedly a term greater than one year. *Complaint Exhibit B*.  This agreement fails pursuant to Statute of Frauds. NJSA §12A:2-201.  An affirmative defense grounded in the Statute of Frauds may be raised in the context of a motion to dismiss. *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir.1994). The entirety of contract action, Count 1, is based on the unexecuted contract. *Complaint* ¶¶ 11, 12, 13, 14, 15 and 16.  As the subject contract is not executed and falls within the Statute of Frauds without detailed exception in Count 1, it should be dismissed with prejudice.

## III.    Inapplicable Law

Count II of the Complaint is against the individual Defendant, Mr. Azoulay, and ESI (the employer) for alleged violation of Pennsylvania Wage Payment & Collection Law ("PWPCL"). However, this law is inapplicable by its very nature.  The PWPCL defines "Employer" as requiring the company (and officer, here Mr. Azoulay) to be "of this Commonwealth". 43 P.S. §260.2a.  By its very allegations, Plaintiff recognizes ESI as a NY company with its office as to Plaintiff in NJ. *Complaint* ¶¶ 2 and 6 ("employed plaintiff in New Jersey, and is therefore subject to be sued there

4

under New Jersey law"). No less, Exhibit A and B both reference the office located in Rockaway, NJ. Further, it identified the individual Defendant, Mr. Azoulay, as a "resident of the State of Florida" and with a residence in Florida. *Complaint* ¶3. The mere residence of the Plaintiff/employee in that State is not the determining factor, but the "employer" per the very Statute. Accordingly, Count II should be dismissed with prejudice as both Defendants are not "of this Commonwealth" as utilized by PWPCL.

Moreover, PWPCL requires there be a contractual right to the alleged due compensation. *Viuliani V Polysciences,* 275 F.Supp.3d 564 (E.D.PA 2017). (A "prerequisite for relief under WPCL is a contract between employee and employer that sets forth their agreement on wages to be paid....Relief under the WPCL is implausible without [the] existence of a contract.") In light of the unsigned contract, Statute of Limitations and Statute of Frauds, there is no basis alleged to claim under the PWPCL, and therefore, it should be dismissed with prejudice.

## CONCLUSION

Counts 1 and 2 should both be dismissed for the specific reasons cited above. An amendment should not be allowed, dismissal with prejudice, in light of the legal reasons preventing any such claim to be brought regardless of amendment. Defendants shall be entitled to their attorneys' fees and costs. 43 P.S. ¶260.9a(f).

*Respectfully submitted*,

SILVERBERG & WEISS, P.A.
*Attorneys for Defendants*
1290 Weston Road, Suite 218
Weston, Florida  33326
Telephone:  (954) 384-0998
Facsimile:  (954) 384-5390
notices@pkslegal.com

By: *s/Michael V. Miller*
    Michael V. Miller
    NJ Bar No. 00572009

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via EC/CMF on this 9th day of September 2019.

By: *s/ Michael V. Miller*