**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARK WEINBERGER | : | |
| | : | Civil Action No. 19-13988 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ESI CASES AND ACCESSORIES, INC., | : | |
| | : | |
| and | : | |
| | : | |
| ELLIOT AZOULAY | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Plaintiff, Mark Weinberger, in opposition to the defendants' motion to dismiss the complaint, hereby avers as follows:

**I. FACTS**

This matter arises from an employment contract the parties entered into in 2011. See Exhibit "A." In addition to a guaranteed annual base salary of $300,000.00, the 2011 contract provided the plaintiff a "Bonus Plan" as follows:

- **Bonus Plan:**
- Sales for bonus plan **will include sales made by Kevin Rodgers as well as new sales people added later on**.
- $0 to $3,800,000 of revenue:          No commission dollars paid
- $3.8m to $15,000,000 of revenue       1% of net sales
- $15,000,000 and above to 25,000,000        1.25% of net sales

**(Exhibit "A")** (emphasis added)

The 2011 Bonus Plan differed from an earlier 2008 contract in that it specifically added the language "Sales for bonus plan will include sales made by Kevin Rodgers as

well as new sales people added later on" as signifying that the plaintiff's bonus would no longer be based solely on his sales alone.

Since May 2011, upon information and belief, ESI has hired sixteen (16) additional salespeople who have worked for ESI for various lengths of time. However, when it came time to calculate the plaintiff's annual bonuses under the aforementioned plan, **defendants Azoulay and ESI paid plaintiff a bonus based only upon the revenue he generated** (as per the 2008 contract) instead of including all salespeople's revenue as specifically set forth by the change to the language of the Bonus Plan in the 2011 contract. Plaintiff's requests for an accounting of the revenue generated by the other salespeople and his entitled bonuses based thereon have been ignored. In large part because of being ignored and not fully compensated in accordance with the agreed upon Bonus Plan, plaintiff submitted his letter of resignation on April 30, 2019. He continues to work for ESI to fulfill a 6-month notice of termination provision in the contract.

## II. <u>LEGAL ARGUMENT</u>

### A. <u>A CAUSE OF ACTION FOR UNPAID WAGES DOES NOT ACCRUE UNTIL THE PAYMENT FROM THE EMPLOYER IS DUE</u>.

The defendants' first argument for dismissal is frivolous. Defendants assert that the plaintiff's complaint must be dismissed since the parties entered into the contract in May 2011, more than six years before the filing of the complaint.[1] The defendants completely disregard the fact that the Bonus Plan is an annual plan with bonuses paid annually. See Exhibit "A" (which specifically references "Bonus for 2011 is to be paid on July 15th 2011"). A little preliminary research would have demonstrated the well-

---

[1] The parties agree the applicable statute of limitations is New Jersey's 6-year limitations period for contracts, N.J.S.A. 2A:14-1.

established principle that limitations periods for payment obligations do not accrue until the payment is due and goes unpaid.

Ordinarily, the statute of limitations for an action begins to run when all the elements of the cause of action are present or, more plainly, "from the moment of the wrong." Lopez v. Swyer, 62 N.J. 267, 274, 300 A.2d 563 (1973).  For wage obligations, the accrual date is typically the end of the pay period for which the unpaid compensation should have been paid. See *Genarie v. PRD Mgmt., Inc.*, No. 04-cv-2082, 2006 WL 436733, at *14 (D.N.J. Feb. 17, 2006) ("It is well settled that a separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed.") Also, in *County of Morris v. Fauver*, 153 N.J. 80 (1998), the New Jersey Supreme Court stated:

> Under the installment contract method, claims based on installment contracts or other divisible, installment-type payment requirements accrue with each subsequent installment. In other words, a new statute of limitations begins to run against each installment as that installment falls due and a new cause of action arises from the date each payment is missed. [Metromedia Co. v. Hartz Mountain Assocs., 139 N.J. 532, 535-36 (1995)]. The Court in Metromedia, supra, noted that, absent a repudiation, a plaintiff may sue for each breach only as it occurs because "[t]o hold otherwise would allow a claimant to trigger the statute of limitations upon presentation of a claim rather than having the existence of a claim trigger the statute of limitations."

*Fauver*, supra, 153 N.J. at 107-08.

Plaintiff's annual bonuses under the 2011 contract are no different than other divisible, installment-type payments.  Each annual bonus could not be determined until the prior year's sales numbers were known, and the amount of the bonus could be calculated.  Plaintiff's claim on each annual bonus could not accrue until the amount was

calculable and went underpaid. Each underpayment was a separate wrong for which a new cause of action arose.

Plaintiff filed the complaint on June 11, 2019. Accordingly, any bonus payments under the 2011 contract that became due and went unpaid on or after June 11, 2013 are within the applicable limitations period and may be recovered through this lawsuit. Plaintiff recognizes he cannot recover for any unpaid bonus he may have been owed in 2011 and 2012.

### B.   THERE WAS A SIGNED CONTRACT.

While the plaintiff disputes that the Statute of Frauds is applicable in this case, it is easier to simply produce proof of the signed contract than the case law which holds that an unsigned contract does not preclude enforcement. Included as part of Exhibit "A" is an email from the defendant Azoulay dated May 28, 2011, to the plaintiff with a subject line of "signed agreement" and the contract as a .pdf attachment. The signature and the date in the .pdf file itself appear in red but, for some reason, do not print out making the signature space appear blank on paper. The .pdf file has been forwarded to defense counsel. Exhibit "B."  Both parties clearly executed the contract.

### C.   PENNSYLVANIA'S WPCL IS NOT LIMITED TO ONLY EMPLOYERS LOCATED IN PENNSYLVANIA, BUT TO ANY EMPLOYER WITH EMPLOYEES IN PENNSYLVANIA.

Defendants' argument for dismissal of Count II is not only frivolous, it is deliberately deceitful. Defendants claim the WPCL defines an "employer" as "requiring the company (and officer, here Mr. Azoulay) to be 'of this Commonwealth.'" Defendants' Brief, p. 4. The cited statute, 43 P.S. §260.2a, actually reads:

> [E]very person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth **and any agent or officer of the above-mentioned classes employing any person in this Commonwealth**.

The "of this Commonwealth" language applies only to "receiver or other officer of a court. . ." Defense counsel deliberately left out the subsequent language reflecting that a delineated "class" such as a corporation employing any person in this Commonwealth" is also subject to the statute. "This is an extremely broad definition; under it, any person or entity that employs even a single person in Pennsylvania is defined as an " employer." *Buche v. Liventa Bioscience, Inc.*, 112 F.Supp.3d 883, 885 (D.Minn. 2015). Moreover, an officer with an active role in decision-making may also be individually liable. *Mohney v. McClure*, 390 Pa.Super. 338, 568 A.2d 682 (1990), affirmed, 529 Pa. 430, 604 A.2d 1021 (1992).

### III.  CONCLUSION

For the reasons set forth herein, plaintiff respectfully requests this Honorable Court to deny the defendants' motion to dismiss the complaint.

/s/ Scott I. Fegley, Esq. (sif1933)
Scott I. Fegley, Esq. (sif1933)
420 Sandalwood Avenue
Hamilton Square, NJ 08619
(609) 587-2696
Attorney for Plaintiff

DATE:  September 11, 2019