UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW JERSEY

CASE NO. 19-CV-13988-KM-MAH

MARK WEINBERGER,

        Plaintiff,

VS.

ESI CASES AND ACCESSORIES, INC. and ELLIOT AZOULAY,

        Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS [D.E. 4]**

Defendants, ESI Cases and Accessories, Inc. ("ESI") and Elliot Azoulay ("Mr. Azoulay) (collectively referred to hereafter as "Defendants"), by and through his undersigned counsel, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby files this Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss (the "Opposition") and state as follows:

    **I.**    **SUMMARY OF ARGUMENT**

Plaintiff, Mark Weinberger ("Plaintiff"), filed a two (2) count Complaint against Defendants for: (1) breach of an employment agreement against ESI; and (2) violation of the Pennsylvania Wage and Collection Law, 43 Pa.C.S. §260.1 et seq. ("WPCL) against Defendants. Defendants filed their Motion to Dismiss [D.E. 4] stating that: (1) the breach of employment count was barred by the applicable statute of limitations; (2) the unsigned employment agreement attached to the Complaint violated the Statute of Frauds; and (3) the WPCL did not apply to Defendants as the Complaint alleges that ESI is a New York corporation and Mr. Azoulay is a Florida resident (Compl. ¶¶ 2,3).

1

## II.     LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Marks v. Struble*, 347 F. Supp. 2d 136, 143 (D.N.J. 2004). A complaint cannot survive a motion to dismiss unless it alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint that merely pleads " 'labels and conclusions'" or " 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.     LEGAL ARGUMENT

### A.     THE WPCL SHOULD NOT APPLY IN THIS CASE AS DEFENDANTS HAVE NO CONNECTION TO PENNSYLVANIA

The Complaint states that ESI is a New Yok Corporation and that Mr. Azoulay is a resident of Florida. *Id*. The Employment Agreement attached to the Complaint as Exhibit "A" states that Plaintiff will have a home office in New Jersey and have to commute to ESI's New York office once every two (2) weeks. An "employer" under the WPCL is "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." § 260.2a. Plaintiff argues that the statutory construction should be interpreted that the phrase "of this Commonwealth" only applies to a receiver or officer of the court. Plaintiff cites no case law in support of this interpretation. There is no agreement stating that Plaintiff is a formal Pennsylvania employee or that his office is located in Pennsylvania.

When a corporate employer deliberately hires and sends an employee into Pennsylvania to do business for it, and as a result establishes a continuing relationship with that employee in Pennsylvania, the employer becomes subject to Pennsylvania's laws established for the purpose of

protecting Pennsylvania employees from the non-payment of wages. *See 42 Pa. Cons.Stat. Ann. § 5322(a). Walsh v. Alarm Sec. Group, Inc.*, 157 F. Supp. 2d 501, 508–09 (E.D. Pa. 2001). There are no allegations that Plaintiff was required to be located in Pennsylvania or that he was deliberately located in Pennsylvania to exclusively manage and supervise statewide accounts. There are no territorial restrictions contained in the Employment Agreements. There are no allegations that ESI employs other individuals in Pennsylvania. To the extent that Plaintiff can bring a cause of action in a New Jersey for unpaid wages it cannot be under the WPCL against a New York corporation and a Florida resident. It is evident from the Complaint that the Defendants acted in whatever jurisdiction their corporate offices were located. *Cent. Pennsylvania Teamsters Pension Fund v. Burten*, 634 F. Supp. 128, 132 (E.D. Pa. 1986). Likewise, there are no allegations that they intended to violate the WPCL or were aware that their alleged decisions constituted violations of Pennsylvania law for which they could be held personally liable. *Id*. Accordingly, Count II of the Complaint should be dismissed.

      **B.**    **STATUTE OF LIMITATIONS AND STATUTE OF FRAUDS**

The Opposition states that the bonuses in the Employment Agreement should be viewed as an installment contract, therefore, the cause of action renews annually. The Opposition states that "Plaintiff recognizes he cannot recover for any unpaid bonus he may have been owed in 2011 and 2012." [D.E.4 at 4], however, the Complaint does not definitively exclude these years from any calculation of damages. The allegations read as though bonuses for the entire duration of the Employment Agreement are sought. The Complaint should not require that Defendants speculate on claimed damages and should be amended to clarify the years for which Plaintiff is seeking bonuses.

With respect to the Statute of Frauds, Defendants were not presented with a signed copy of the Contract until after the filing of the Motion to Dismiss. The Employment Agreement attached to the

Complaint lacks a visible signature. Upon receipt from counsel for Plaintiff, Defendants accept that there is a signed Employment Agreement between the parties.

*Respectfully submitted*,

SILVERBERG & WEISS, P.A.
*Attorneys for Defendants*
1290 Weston Road, Suite 218
Weston, Florida  33326
Telephone:  (954) 384-0998
Facsimile:  (954) 384-5390
notices@pkslegal.com

By: *s/Michael V. Miller*
       Michael V. Miller
       NJ Bar No. 00057-2009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via EC/CMF on this 19[h] day of September 2019.

By*: s/ Michael V. Miller*