IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK WEINBERGER<br><br>        Plaintiff<br><br>v.<br><br>ESI CASES AND ACCESSORIES, INC.,<br><br>    and<br><br>ELLIOT AZOULAY<br><br>        Defendants | Civil Action No. 19-13988 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE A SETTLEMENT AGREEMENT

**I.   FACTS**

This case arose out of a dispute regarding calculation of the plaintiff's bonuses pursuant to an employment agreement with the defendant ESI. When calculating the plaintiff's bonus under the aforementioned contract, plaintiff contends defendants Azoulay and ESI paid plaintiff a bonus based only upon the revenue he generated instead of including all salespeople's revenue as specifically set forth by the change to the language of the Bonus Plan in the 2011 contract.

In a letter dated September 6, 2019, plaintiff's counsel submitted a settlement demand to counsel for the defendants, Paul Silverberg, Esq., in which plaintiff demanded $575,694.00, return of his personal cell phone number and a waiver of his non-competition agreement. See Declaration of Mark Weinberger, Exhibit "A." On September 23, 2019, in the morning, Elliott Azoulay, the defendant and President of ESI, called the plaintiff and said he was willing to pay the $575,694.00 demanded in the letter of September 6th, but he wanted ESI to keep the cell

phone number and he also wanted to extend the non-competition agreement for one year. Declaration of Mark Weinberger. Mr. Weinberger agreed to the defendants' counteroffer. Declaration of Mark Weinberger. Mr. Azoulay then instructed the plaintiff to have his attorney draft the settlement document with those terms and send it to the plaintiff to forward to him. Declaration of Mark Weinberger. He followed up with a text requesting the settlement document. Declaration of Mark Weinberger, Exhibit "B."

As previously noted, Mr. Azoulay and ESI are represented by counsel in this litigation. However, Mr. Azoulay has had a history in this litigation of attempting to deal directly with the plaintiff without counsels' awareness or involvement. See, e.g. Exhibit "A" to this motion. Although Mr. Azoulay requested the aforementioned settlement document, plaintiff's counsel could not draft the document and forward it to Mr. Azoulay through the plainitff without violating NJ Rule of Professional Conduct 4.2. Plaintiff's efforts to inform Mr. Azoulay and have him either work through counsel or discharge his counsel and deal with plaintiff's counsel directly were futile. Declaration of Mark Weinberger, Exhibit "B."

Because plaintiff's counsel refused to violate his professional ethics and did not give plaintiff a settlement document to forward to Mr. Azoulay for his execution without his counsel's knowledge, Mr. Azoulay rescinded the agreement via text. See, Declaration of Mark Weinberger, Exhibit "B." One day later, on September 24, 2019, ESI "accepted [the plaintiff's] resignation immediately." See, Declaration of Mark Weinberger, Exhibit "C." Mr. Weinberger had given his notice of resignation back on April 30, 2019. Declaration of Mark Weinberger. Yet, Mr. Azoulay insisted he honor the six-month notice period in the contract and work until October 30, 2019 until the events of September 23rd transpired.

## II. LEGAL ARGUMENT

The question of whether a settlement agreement is enforceable is governed by federal common law which looks primarily to New Jersey contract law in this case. *United States v. Lightman*, 988 F.Supp. 448, 457 (D.N.J. 1997). A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be tendered by each party can be ascertained with reasonable certainty. *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435, 608 A.2d 280 (1992). Moreover, it is well established in New Jersey that an agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties whether or not made in the presence of the court and even in the absence of a writing. *United States v. Lightman*, 988 F.Supp. 448 at 459 [citations omitted]. New Jersey law specifies that parties may orally, by informal memorandum, or both, agree upon the essential terms of a contract and effectively bind themselves thereon, if that is their intention, even though they contemplate the later execution of a formal document to memorialize their undertaking. *Id.*

In the present case, plaintiff submitted a formal offer on September 6, 2019. Declaration of Mark Weinberger, Exhibit "A." On the morning of September 23, 2019, defendant Azoulay called the plaintiff directly and agreed to pay the monetary sum requested of $575,694.00, but wanted his company to retain the disputed cell phone number and extend the plaintiff's period of non-competition an additional year. Declaration of Mark Weinberg. The plaintiff agreed. Declaration of Mark Weinberger. The monetary sum and the terms for the cell phone number and extension of the plaintiff's non-competition period provide sufficient consideration and are readily ascertainable for enforcement.

Azoulay then requested a settlement document memorializing the agreement drafted by plaintiff's counsel. Declaration of Mark Weinberger, Exhibit "B." Inexplicably, Azoulay did not

want to involve his own counsel and when plaintiff's counsel would not violate Rule of Professional Conduct 4.2 by communicating with a party represented by counsel through the plaintiff, Azoulay thereafter attempted to rescind the agreement. Declaration of Mark Weinberger, Exhibit "B." However, the agreement made between the plaintiff and Azoulay was definite and Azoulay's efforts to leave his attorney out of the mix does not vitiate the fact that a settlement of this lawsuit had occurred. The Court should take note that Azoulay has often attempted to take matters into his own hands in this case relying on counsel only when it served his purpose to do so. See Exhibit "A."

### III.  CONCLUSION

For the reasons set forth herein, plaintiff respectfully requests this Honorable Court to enforce the settlement agreement reached between the parties.

Respectfully Submitted,

  Scott I. Fegley /s/   SIF1933
Scott I. Fegley, Esq.
NJ Attorney I.D. No. 020871987
420 Sandalwood Avenue
Hamilton Square, NJ 08619
(609) 587-2696
Scott@FegleyLaw.com
(215) 493-8287
Attorney for Plaintiff

DATE: September 25, 2019