**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK WEINBERGER<br><br>Plaintiff<br><br>v.<br><br>ESI CASES AND ACCESSORIES, INC.,<br><br>and<br><br>ELLIOT AZOULAY<br><br>Defendants | Civil Action No. 19-13988 |

**DECLARATION OF MARK WEINBERGER PURSUANT TO 28 U.S.C. §1746**

1. I am the plaintiff in the above matter.

2. I have personal knowledge of the facts set forth herein.

3. On or about September 6, 2019, I authorized my attorney to extend a settlement demand to defendants containing the terms set forth in the letter attached as Exhibit "A."

4. On September 23, 2019, in the morning, Elliott Azoulay, the defendant and President of ESI, called me and said he was willing to pay the $575,694.00 demanded in the letter of September 6th, but he wanted ESI to keep my cell phone number and he also wanted an extension of my non-competition agreement for one year.

5. I agreed to Mr. Azoulay's counteroffer. He told me to have my attorney draft the settlement document with those terms and send it to me to forward to him. He followed up with a text requesting the settlement document. Exhibit "B."

6. Mr. Azoulay and ESI are represented by counsel in this litigation. After my attorney, Mr. Fegley, would not draft the document and forward it to Mr. Azoulay through me

without his attorney's knowledge, I informed Mr. Azoulay via text. Exhibit "B." Mr. Azoulay insisted the document come from Mr. Fegley to me and then to him. Exhibit "B."

7. Because Mr. Fegley refused to violate his professional ethics and did not give me a settlement document to forward to Mr. Azoulay for execution without his counsel's knowledge, Mr. Azoulay rescinded the agreement via text. Exhibit "B."

8. Yesterday, September 24, 2019, ESI "accepted my resignation immediately." Exhibit "C." I had given notice of my resignation back on April 30, 2019. Yet, Mr. Azoulay insisted I honor the six-month notice period in my contract and work until October 30, 2019. I believe my termination yesterday before the end of the notice period occurred because Mr. Fegley did not do as he wished.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

MARK WEINBERGER

DATE: 9/25/19

# EXHIBIT "A"



MAKEFIELD EXECUTIVE QUARTERS
SUITE 402A
301 OXFORD VALLEY ROAD
YARDLEY, PA 19067
215-493-8287 · FAX 215-493-1567
www.fegleylaw.com

420 SANDALWOOD AVENUE
HAMILTON SQUARE, NJ 08619
609-587-2696
*Please reply to the Yardley office*

# THE FEGLEY LAW FIRM

BUSINESS · EMPLOYMENT · PERSONAL INJURY

September 6, 2019

**VIA EMAIL TO psilverberg@pkslegal.com AND REGULAR MAIL**

Paul K. Silverberg, Esq.
Silverberg & Weiss, PA
1290 Weston Road
Suite 218
Weston, FL 33326

RE: Weinberger v. ESI Accessories, et al.

Dear Mr. Silverberg:

Now that your clients have provided documentation Mr. Weinberger believes is accurate, we can remove his bonus calculation from the realm of speculation and provide a precise figure. Mr. Weinberger's total unpaid bonus for the period from 2013 through 2018 is **$575,694.00** (rounded to the closest dollar).

To arrive at that figure, each bonus was initially calculated on an annual basis. Mr. Weinberger's personal sales figures for a given year were combined with the sales for the other employees reported in the attachment you provided. Per the contract, a one percent (1%) bonus was applied on total revenue from $3,800,000.00 to $15,000,000.00 for the year and a one-and-a-quarter percent (1.25%) bonus on total revenue from $15,000,000.00 to $25,000,000.00. For each year total sales by all personnel reached or exceeded $25,000,000.00, Mr. Weinberger was entitled to a maximum bonus of $237,000.00. The annual bonus figures were then reduced by the amount of the bonus ESI actually paid.

For example, in 2014, Mr. Weinberger received a bonus of $93,180.00 based on personal sales of $13,118,000.00. Other employees' sales totaled an additional $6,845,433.00 for total sales of $19,963,433.00 subject to the bonus calculation. Mr. Weinberger was entitled to $112,000.00 as a bonus on the revenue from $3,800,000.00 to $15,000.000.00, and 1.25% ($62,043.00) on the balance of $4,963,433.00. From the total bonus Mr. Weinberger was entitled to in 2014 of $174,043.00, we deducted the $93,180.00 he was paid for a balance due of $80,863.00.

In 2015, Mr. Weinberger's personal sales exceeded $25,000,000.00. He received his bonus accordingly and no additional unpaid bonus is claimed for that year.

Going through the same calculation year by year through 2018 as reflected above results in a total unpaid bonus due Mr. Weinberger of $575,694.00. Figures for 2019 reflect $8,982,138.00 in sales from other employees through July. ESI precluded Mr. Weinberger from access to his own 2019 data when this dispute arose early in the year. Nevertheless, an additional bonus will be due on the sales for 2019.

We are very confident the contract language is clear and that a court will interpret it as providing for the override as set forth herein. Mr. Weinberger has authorized me to accept the $575,694.00 plus the 2019 figure to be determined in exchange for a general release. ESI will save the expense of litigation (your fees and mine) plus a potential 25% penalty on any portion found to be subject to the Pennsylvania Wage Payment & Collection Law.

Finally, Mr. Weinberger seeks a waiver of his non-compete and return of his cell phone number which was his personal property before he joined ESI. He also seeks an updated statement reflecting the current amount of funds in his ESOP plan as the last statement he received was for 2015. The ESOP Plan requires ESI to provide Mr. Weinberger a statement annually.

Assuming an answer to the complaint is not filed today, I will refrain from filing a motion for entry of a default judgment until the latter part of next week while you review this letter with your clients.

Sincerely,

SCOTT I. FEGLEY

cc:   Mark Weinberger

# EXHIBIT "B"

Today 11:25 AM

Please have your attorney draw up the document and please you forward to me

Okay

Today 12:47 PM

My attorney is drafting up the letter now, however, legally he cannot send to you unless Mr, Silverberg is no longer representing you and that you designate yourself as the contact

Text Message

yourself as the contact

Lol read what I wrote you

Please have your attorney draw up the document and please you forward to me

You send to me not your attorney

Legally he cannot do that



Elliot if you don't want your attorney involved that's fine but you must put that in writing and send it to me. There is a lawsuit pending and if you're serious about settling my attorney can draft the document send to your attorney and then you can sign it. Or dismiss your attorney- let me know as you said I have 48 hours to accept your offer and we're ready to draft - please advise as my attorney correctly so will not violate legal ethics and bypass your legal representation

settling my attorney can draft the document send to your attorney and then you can sign it. Or dismiss your attorney- let me know as you said I have 48 hours to accept your offer and we're ready to draft - please advise as my attorney correctly so will not violate legal ethics and bypass your legal representation

Mark the offer is off the table

I will not bring it up settling again

Thank you

Today 5:21 PM

Mark I ever asked you to do anything unethical I asked you to send me the agreement not your attorney
You make story's wow

# EXHIBIT "C"

**Scott Fegley**

---

**From:** Mark Weinberger <mjwaww@gmail.com>
**Sent:** Tuesday, September 24, 2019 3:59 PM
**To:** Scott Fegley
**Subject:** Please call

Mark,

Since your resignation your work attitude, efforts and professionalism have deteriorated.
Additionally, you have taken actions against company policy and expectations. We will accept your resignation effective immediately.
The company cell phone number is being forwarded and any personal calls will be directed to your other number. Once you establish cell service, please
Inform us of the number if you wish us to let people know that number.

You have company property, which needs to be returned by end of day Wednesday (tomorrow). Please have these items, including cellphone and laptop, left for my attention
At the office (you can fed ex/UPS as well).
Do Not delete anything or remove anything from the laptop or cell phone.
If you have any personal information on the cell or laptop, simply copy that information from the laptop. You are also in possession of
Electronic or printed company property, materials and records. As to the printed, please return the same without retaining any copy. You are governed by your
Confidentially agreement and the law as to these items and company business.

As you have been improperly utilizing your personal email for company business, please immediately forward (without reply) any company
Business to my attention. These contacts and the contained information are company property.

Your cooperation is expected and the best in your future endeavors.

Regards,
Michelle