UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW JERSEY

CASE NO. 19-CV-13988-KM-MAH

MARK WEINBERGER,

Plaintiff,

VS.

ESI CASES AND ACCESSORIES, INC. and ELLIOT AZOULAY,

Defendants.
_______________________________________/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [D.E. 6]**

Defendants, ESI Cases and Accessories, Inc. ("ESI") and Elliot Azoulay ("Mr. Azoulay) (collectively referred to hereafter as "Defendants"), by and through his undersigned counsel, hereby file this Opposition to Defendants' Motion to Enforce Settlement Agreement [D.E. 6] and state as follows:

## I. INTRODUCTION

Defendants are attempting to settle this case, however, Plaintiff's Motion to Enforce Settlement Agreement (the "Motion") omits material terms that remain open prior to a finalized settlement. Plaintiff, Mark Weinberger ("Plaintiff"), filed the Motion because he and Mr. Azoulay had direct communications regarding resolving this matter. The Motion states that the parties spoke telephonically and that Mr. Azoulay offered to resolve the matter for the amount contained within Plaintiff's previous demand letter and for an additional one (1) year non-competition agreement. [D.E. 6-1 at 3]. The Motion states that Mr. Azoulay requested that any agreement be memorialized in a written settlement agreement drafted by Plaintiff's counsel. *Id*. at 2. Mr.

Azoulay further insisted that any settlement agreement was then to be sent directly from Plaintiff to Mr. Azoulay without the assistance of their respective counsels. [D.E. 6-3 at ¶ 5]. Mr. Azoulay never received a draft of a settlement agreement because Plaintiff refused to comply with the request. In response to not receiving the formalized settlement agreement Mr. Azoulay then withdrew the offer. *Id*. at 10. [1]

## II. <u>LEGAL STANDARD</u>

Contract law governs the enforcement and construction of settlement agreements in New Jersey.[3] *See Cintron v. N.J.*, No. 10-195, 2011 WL 4549147 *2, (D.N.J. September 29, 2011); *See also, Senior Settlements, LL C v. Growth Trust Fund*, No. 08-2647, 373 Fed.Appx. 287, 291, 2010 WL 1401398, at *3, (3d Cir. 2010); *Pascarella v. Bruck*, 190 *N.J.* Super. 118, 124 (App. Div. 1983). Settlement agreements are contracts independent of the underlying dispute. *Cintron*, 2011 WL 4549147, at *2. The burden is on the moving party, plaintiff here, to establish that the parties entered into a contract of settlement in the first instance. *See LNT Merch. Co. v. Dyson, Inc.*, 2009 WL 2169236, at *2 (D.N.J. July 21, 2009) (No settlement agreement established where dispute in material facts regarding contract formation precluded decision on summary judgment.)

To determine whether a settlement agreement has been reached, New Jersey courts require the moving party to establish a showing of "mutual accord" or a "meeting of the minds." *LNT*, 2009 WL 2169236, at *2. "A meeting of the minds occurs when there has been a common understanding and mutual assent of all the terms of a contract." *Cintron*, 2011 WL 4549147, at *3. Mutual agreement is an essential element to the valid formation of all contracts. *Id.*

Misunderstanding between the parties as to any material term is also incompatible with mutual agreement. *See Pinto v. Spectrum Chem. & Lab Products*, 200 N.J. 580, 587, 600

[1] Defendants are in the process of obtaining a competing affidavit from Mr. Azoulay and intend to supplement this Opposition.

(2010) (Held that parties did not reach a settlement where there was a misunderstanding about whether the agreed upon amount included attorney's fees). To prevail in enforcing a purported settlement agreement, the moving party must show that there was no mistake or misunderstanding about any of the key terms. *Pinto,* 200 N.J. 580, at 587, 600; Cf. *Senior Settlements,* 373 Fed. Appx. 287, 2010 WL 1401398. If the parties did not agree on even one out of several material terms, courts hold that there is no enforceable agreement. *Pinto,* 200 N.J. 580, at 587, 600

## **III. <u>LEGAL ARGUMENT</u>**

The Motion is premature in that the correspondence between the parties clearly demonstrates that there were numerous material conditions that were not met prior to the finalization of the settlement agreement. Mr. Azoulay insisted that any settlement offer be formalized in a written agreement and be sent to him directly from Plaintiff. Plaintiff's text asks whether Mr. Azoulay "is serious about settlement" and references that "I have 48 hours to accept your offer and we're ready to draft." [D.E. 6-3 at 9]. Plaintiff never states that he has accepted the settlement offer. Mr. Azoulay then responds that the "offer is off the table" and that "he will not bring up settling again." *Id*. at 10. There is a clear lack of meeting of the minds as to whether the settlement offer has been accepted. [T]he test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced.' " *Am. Eagle Outfitters v. Lyle & Scott Ltd*., 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Channel Home Ctrs. v. Grossman*, 795 F.2d 291, 298-99 (3d Cir. 1986)). Plaintiff has not satisfied his burned of demonstrating that mutual assent had occurred.

Additionally, although the request to receive the written settlement offer directly may be unorthodox it was still a demand made by Mr. Azoulay prior to the finalization of any settlement.

It is evident that any written settlement agreement was to contain additional material terms between the parties that Mr. Azoulay wanted to review prior to execution. These material terms would have included a non-solicitation provision, confidentiality provision, non-disparagement provision, and mutual releases. There was also to be included language stating that Plaintiff acknowledged that he had failed to request payment of the alleged monies owed and not that there was a refusal on the part of Defendants to pay. The requirement that these be included in any settlement agreement is consistent with Mr. Azoulay's demand that he receive a draft of a written settlement agreement for review. All of the foregoing would have been material terms that would have required agreement prior to the acceptance of a settlement offer. In order to have an enforceable settlement or contract there "must be a 'meeting of the minds' for each material term to an agreement." *Payer v. Berrones*, CIV. 12-1704 RMB/JS, 2015 WL 4715953, at *3 (D.N.J. Aug. 7, 2015) quoting *Pacific Alliance Grp. Ltd. v. Pure Energy Corp.*, C.A No. 02–4216(DRD), 2006 WL 166470, at *3 (D.N.J. Jan.23, 2006).

The phone call between the parties would not have encompassed all material terms of settlement. If the parties had a mutual understanding that the entirety of the case had been resolved then there would not have been a settlement offer that Mr. Azoulay had the ability to withdraw. The parties never had a meeting of the minds with respect to the entirety of the material terms of the settlement agreement and it was ambiguous as to whether the settlement offer had formally been accepted by Plaintiff. A "settlement stipulation should not be enforced 'where there appears to have been an absence of mutuality of accord between the parties or their attorneys in some substantial particulars, or the stipulated agreement is incomplete in some of its material and essential terms.' " *McDonnell v. Engine Distributors*, C.A. No. 03–1999, 2007 WL 2814628, at *3 (D.N.J. Sept.24, 2007). Therefore, the Motion is premature and should be denied.

*Respectfully submitted*,

SILVERBERG & WEISS, P.A.
*Attorneys for Defendants*
1290 Weston Road, Suite 218
Weston, Florida 33326
Telephone: (954) 384-0998
Facsimile: (954) 384-5390
notices@pkslegal.com

By: *s/Michael V. Miller*
Michael V. Miller
NJ Bar No. 00057-2009

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via EC/CMF on this 7th day of October 2019.

By: *s/ Michael V. Miller*