**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK WEINBERGER : | Civil Action No. 19-13988 |
| Plaintiff : | |
| v. : | |
| ESI CASES AND ACCESSORIES, INC., : | |
| and : | |
| ELLIOT AZOULAY : | |
| Defendants : | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE A SETTLEMENT AGREEMENT**

## I. LEGAL ARGUMENT

Attached as Exhibit "A" is defense counsel's email to plaintiff's counsel dated September 26, 2019 attaching **a written "Settlement Agreement and Mutual General Release."** Attached as Exhibit "B" is the "Settlement Agreement and Mutual General Release" itself which contains the material terms of consideration for the settlement and release: (1) payment to plaintiff of $575,694.00 (paragraph two), (2) ownership of phone number retained by ESI (paragraph four), and (3) extension of the plaintiff's non-competition covenant by one year (paragraph five).

Attached as Exhibit "C" is plaintiff's counsel's reply email to defense counsel dated October 1, 2019 attaching a draft of the settlement agreement and release with revisions regarding non-material terms. Exhibit "D" is the draft with the plaintiff's proposed revisions.

These are:

2. Insertion of manner of payment

3. Carve out of the plaintiff's vested rights in his ESOP account

6. Clarification of scope of competing company for purposes of non-compete

7. Removal of the necessity for court approval of the settlement.

13. Mutual non-disparagement clause

These are not material terms impeding the conclusion of a settlement.

**The scope of the releases is a non-essential term of the settlement;** the precise language of the release documents was not required to be agreed in order to create an enforceable settlement, where the concept of a release of claims in the lawsuit was agreed. See *McDonnell v. Engine Distribs*., Civ. No. 03-1999, 2007 WL 2814628, at * 3 (D.N.J. Sept. 24, 2007) (emphasis added) ("[I]t is sufficient if the parties orally agree on the essential terms, even though they contemplate the later execution of a formal document to memorialize their undertaking."). McDonnell, 2007 WL 2814628, at *8 ("The disputed terms - concerning the scope of the release, ensuring payment, tax treatment, indemnification, and the scope of confidentiality - all speak to the settlement's implementation. **They are not, however, essentials of the settlement.**") (emphasis added). Under New Jersey law "[a]s long as the parties orally agree to the essential terms, the settlement will be enforced notwithstanding the fact that a writing does not materialize because a party later reneges." McDonnell, 2007 WL 2814628, at *3. Accordingly, given the plaintiff's agreement to release defendants in exchange for a definite monetary amount, the absence of agreement on the precise terms of the release does not render the settlement unenforceable. Here, as the Court previously explained, the precise language of the Releases is a nonessential term. Therefore, the Court may supply the terms to the agreement. *Id.*

Defense counsel's forwarding of the written agreement attached as Exhibit "B" after the filing of this motion validates the parties' agreement on the essential terms noted in the first paragraph above. In defendants' opposition brief, it states:

> It is evident that any written settlement agreement was to contain additional material terms between the parties that Mr. Azoulay wanted to review prior to execution. These material terms would have included a non-solicitation provision, confidentiality provision, non-disparagement provision and mutual releases.
>
> Defendants' Brief, p. 4

These are not material terms as a matter of law. Moreover, plaintiff notes defendants' own draft at Exhibit "B," drafted by their counsel, contains mutual releases (see paragraphs 2 and 9(b)) and confidentiality (paragraph 5), but did not include non-solicitation or non-disparagement. Plaintiff's draft at Exhibit "D" inserted a mutual non-disparagement clause (paragraph 13).

Defense counsel did not raise the question of the plaintiff's ESOP account. This acknowledges the parties' understanding that the plaintiff's vested rights in his ESOP account were not part of the dispute in litigation. Yet, the "carve-out" has been requested by plaintiff's counsel to accurately reflect that reality and avoid any future controversy that the broad release language otherwise agreed upon somehow resulted in a forfeiture of the plaintiff's substantial earnings in his ESOP account.

While the plaintiff is open to discussion of wording changes with regard to the payment method and scope of competition, it does not preclude a finding that a settlement was reached on the essential terms.[1] McDonnell, 2007 WL 2814628, at *3. Plaintiff requests the Court to add the non-material terms for implementation of the settlement and enforce Exhibit "D" as the draft

---

1 If the parties do not resolve this on their own, then the Court's intervention will necessarily determine "court approval of the settlement."

most consistent with the parties' agreement. It would indeed by ironic and disingenuous for the defendants to balk on payment of $575,694.00 to the plaintiff over legalistic language when the defendant Azoulay sought a written agreement from plaintiff without his counsel's involvement in the first place.

## II. CONCLUSION

For the reasons set forth herein, plaintiff respectfully requests this Honorable Court to enforce the settlement agreement reached between the parties and select Exhibit "D" as the written agreement most consistent with the terms.

Respectfully Submitted,

Scott I. Fegley /s/ SIF1933

Scott I. Fegley, Esq.
NJ Attorney I.D. No. 020871987
420 Sandalwood Avenue
Hamilton Square, NJ 08619
(609) 587-2696
Scott@FegleyLaw.com
(215) 493-8287
Attorney for Plaintiff

DATE: October 8, 2019