# EXHIBIT "D"

UNITED STATES DISTRICT COURT
~~SOUTHERN~~ DISTRICT OF NEW JERSEY

CASE NO. 19-CV-13988-KM-MAH

MARK WEINBERGER,

Plaintiff,

VS.

ESI CASES AND ACCESSORIES, INC. and
ELLIOT AZOULAY,

Defendants.
_______________________________________/

**SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE**

This Settlement Agreement and Mutual General Release ("Agreement") is made by Plaintiff, MARK WEINBERGER, including his heirs, representatives, attorneys, successors, and assigns ("Plaintiff"), and Defendants, ESI CASES AND ACCESSORIES, INC., including its representatives, attorneys, agents, successors, and assigns, and ELLIOT AZOULAY, including his heirs, representatives, attorneys, successors, and assigns ("Defendants" and/or "Defendant") (collectively Plaintiff and Defendants are referred to as the "Parties").

1. The Parties hereto recognize that Defendants do not admit liability to Plaintiff, or to anyone else as a result of the matters set forth in the pleadings of the Plaintiff in the above entitled cause. Plaintiff represents this is payment in full except as otherwise expressly reserved in Section 3 below.

2. ESI CASES AND ACCESSORIES, INC. shall pay Plaintiff the total sum of $575,694.00 as set forth below, and other good and valuable consideration as described below (the "Payment"). Payment shall be made in the following manner:

(a) a check in the amount of $230,277.60 made payable to Scott I. Fegley, P.C. and sent within fourteen (14) days of defendants' receipt of the signed Agreement. Defendants shall issue Scott I. Fegley, P.C, a separate Form 1099 for this payment.

(b) a check in the amount of $345,416.40 made payable to Mark Weinberger and sent within fourteen (14) days of defendants' receipt of the signed Agreement. Defendants shall issue Mark Weinberger a separate Form 1099 for this payment.

3. In exchange for the mutual covenants and promises, contained herein, the Parties, including its representatives, attorneys, agents, successors, and assigns, hereby remise, acquit, release, satisfy and discharge, each other and their representatives, attorneys, agents, successors, assigns, predecessors and successors in interest, parents, subsidiaries, affiliates, divisions and related companies, and their past, present and future shareholders, officers, directors, supervisors, managers, trustees and employees (collectively, "Releasees"), in their individual and official capacities, and their heirs and legal representatives, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which the Parties had or now have, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiff.

Without limiting the Release, the Release includes: (i) any and all claims growing out of, resulting from, related to, or connected in any way to Plaintiff's relationship and/or employment, and the termination/separation thereof, including but not limited to any and

all claims for discrimination, harassment of any kind, retaliation, unequal pay, whistle-blowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974, as amended, torts of all kind, including but not limited to misrepresentation, negligent or otherwise, fraud, defamation, libel, battery, assault, slander, intentional infliction of emotional distress, interference with an advantageous business relationship, negligent hiring, negligent retention, discrimination, claims or rights under state and federal whistle-blower legislation, the Consolidated Omnibus Budget Reconciliation Act, the Family and Medical Leave Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standard Act, the Older Workers Benefit Protection Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, as amended, the State Civil Rights Act, state wage claims and any other claim of any kind; (ii) a waiver by Plaintiff of any rights of action and administrative and judicial relief which Plaintiff might otherwise have available in the state and federal courts arising from Plaintiff's relationship or employment with Defendants, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations.

The Parties hereby expressly reserve and exclude from this Release the plaintiff's vested rights and sums held within the ESI Cases and Accessories Employee Stock Ownership Plan. Defendant ESI shall continue to maintain plaintiff's account and provide required annual reports until such time as the plaintiff's funds are disbursed in accordance with the Plan.

4. As part of this Agreement, Plaintiff specifically waives any present and future claim for reinstatement or employment with Defendants or their subsidiaries or related entities at any time in the future. The Parties hereto specifically recognize that substantial questions of fact and law exist as to any possible claim or claims (legal, equitable or

otherwise) by Plaintiff and therefore, as part of this Settlement, Plaintiff further specifically agrees, as a condition of Plaintiff's receipt and retention of the sums provided for herein, not to seek employment with Defendants or any of Defendants' subsidiaries or related entities at any time in the future and not to discuss his claims and the issues related thereto with any current or former employee of Defendants or any related entity. Defendants are under no obligation or duty to consider Plaintiff for re-employment in the future.

5. The Parties agree that laptop, phone number 973-590-6691 and the smartphone is owned and shall be the property of Defendant, ESI CASES AND ACCESSORIES, INC. Plaintiff has already turned over the laptop and smartphone and shall otherwise cooperate with Defendant's property rights.

6. Plaintiff has signed a Confidentiality Agreement with ESI CASES AND ACCESSORIES, INC. on July 24, 2008, which Plaintiff acknowledges is valid and enforceable. As part of the consideration of this settlement, the Parties agree that the non-compete term therein shall be extended to September 24, 2022. However, for purposes of clarification, the phrase "any company or entity engaged in business similar to that of the Company" shall mean only companies or entities engaged in the sale or distribution of accessories for mobile and audio devices to retailers.

7. ~~The Parties further agree that the Court shall approve this settlement and then dismiss with prejudice the above-styled lawsuit~~. It is further agreed and understood that ESI shall make the settlement payments to Plaintiff's counsel as set fort in Section 2 above to be held in trust pending the ~~Court's approval of the settlement~~ filing of a stipulation of ~~and~~ dismissal with prejudice by counsel for plaintiff within ten (10) days of the receipt of the aforementioned payments (a) and (b). ~~If the approval and dismissal is not completed within 60 days of settlement or the Court otherwise places conditions, Defendants shall have the~~

~~right to cancel this settlement and the same shall be void, and this agreement and the related communications shall be inadmissible and confidential~~.

8. Plaintiff agrees to assume full responsibility for, and to hold Defendants harmless for, the payment of any federal, state, or local taxes with respect to the Payment, and Plaintiff shall be responsible for, and hold Defendants harmless for, and/or reimburse Defendants, for any and all taxes, including any interest or penalty assessed by any taxing entity against Defendants.

9. Should any party breach any provisions or paragraphs of this Agreement, the non-breaching party shall have all rights, remedies and/or causes of action available at law or in equity to enforce the terms of this Agreement. In any action to enforce this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs.

10. It is further understood and agreed that the total sum paid as set forth above, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final release effected thereby. Plaintiff hereby represents and warrants that he has entered into this Settlement Agreement of his own free will and accord and in accordance with Plaintiff's own judgment, and after consultation with Plaintiff's attorneys. Plaintiff hereby states that Plaintiff and Plaintiff's counsel have made a full and independent investigation of all the facts and representations relating to this agreement and release and therefore states that Plaintiff has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set out herein. Plaintiff specifically states that Plaintiff is executing this Agreement knowingly and voluntarily.

11. Plaintiff acknowledges that Plaintiff has thoroughly read the entire Agreement,

and specifically acknowledges the following:

a) Plaintiff understands the language of the settlement agreement and release, and that any questions Plaintiff may have had during Plaintiff's review of the Agreement were explained to Plaintiff's satisfaction and understanding by retained legal counsel of his choosing;

b) Plaintiff understands that ~~the~~ this is a mutual waiver and mutual release;

c) Plaintiff's waiver of rights and claims in this Agreement is in exchange for good and valuable consideration; and

d) Plaintiff has been advised to consult, and has consulted or had adequate opportunity to consult, legal counsel of his choosing prior to executing this Agreement.

12. It is further agreed that each party shall bear their own costs and attorneys' fees, incurred in the above entitled suit and in handling the matters covered by this Settlement Agreement.

13. The Parties further agree not to disparage or make negative remarks about the other through any public statements, through any form of social media or internet communications, or any other written or oral communications to any other persons or entities.

14. The Parties agree that the Agreement shall not become effective or enforceable until the Court enters the Final ~~Judgment~~ Order of Dismissal.

15. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or Parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

16. This Agreement cannot be modified, altered or changed except by a writing signed by the Parties wherein specific reference is made to this Agreement.

17. This Agreement constitutes a single integrated contract expressing the

entire agreement of the Parties hereto regarding resolution of non-wage and hour claims.

18. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The Parties agree that this Agreement is the product of joint authorship and negotiation, and in the event of any ambiguity the Agreement shall not be construed against any party.

19. This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

[SIGNATURES ON NEXT PAGE]

AGREED AND ACCEPTED this day of October, 2019.

**Plaintiff:**

____________________________________
Name: Mark Weinberger

AGREED AND ACCEPTED this day of October, 2019.

**Defendant: ESI CASES AND ACCESSORIES, INC.**

____________________________________
By: Elliot Azoulay, President

AGREED AND ACCEPTED this day of October, 2019.

**Defendant:**

____________________________________
Name: Elliot Azoulay