**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK WEINBERGER<br><br>Plaintiff<br><br>v.<br><br>ESI CASES AND ACCESSORIES, INC.,<br><br>and<br><br>ELLIOT AZOULAY<br><br>Defendants | Civil Action No. 19-13988 |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE A SETTLEMENT AGREEMENT**

## I. FACTS

This case arose out of a dispute regarding calculation of the plaintiff's bonuses pursuant to an employment agreement with the defendant ESI. When calculating the plaintiff's bonus under the aforementioned contract, plaintiff contends defendants Azoulay and ESI paid plaintiff a bonus based only upon the revenue he generated instead of including all salespeople's revenue as specifically set forth by the change to the language of the Bonus Plan in the 2011 contract.

In a letter dated September 6, 2019, plaintiff's counsel submitted a settlement demand to counsel for the defendants, Paul Silverberg, Esq., in which plaintiff demanded (1) $575,694.00, (2) return of his personal cell phone number, and (3) a waiver of his non-competition agreement. See Declaration of Mark Weinberger, Exhibit "A,"(previously filed). On September 23, 2019, in the morning, Elliott Azoulay, the defendant and President of ESI, called the plaintiff and said he was willing to pay the $575,694.00 demanded in the letter of September 6th, but he wanted ESI

to keep the cell phone number and he also wanted to extend the non-competition agreement for one year. Declaration of Mark Weinberger. Mr. Weinberger agreed to the defendants' counteroffer. Declaration of Mark Weinberger.

On or about September 26, 2019, plaintiff filed a motion to enforce the settlement agreement after the defendants reneged. The defendants filed opposition to the motion on October 7, 2019. However, in the interim, defense counsel had provided a draft written agreement containing precisely the aforementioned agreed upon terms the plaintiff is attempting to enforce. On or about October 8, 2019, plaintiff filed a reply to the defendants' opposition attaching the draft settlement agreement with plaintiff's requested revisions to demonstrate that the key elements of the settlement had, in fact, been reached. See Plaintiff's Reply to Defendants' Opposition, Exhibits "A" through "D."

Recently, on October 29, 2019, defense counsel provided a second draft of the settlement agreement accepting most of the plaintiff's requested language revisions and adding some additional language of his own. Exhibit "A." However, the key terms have been agreed upon throughout. The three unresolved issues involve minor changes to the language the defense counsel added as well as a request for reinsertion of a definition of "competition." See Exhibit "A." None of these are material terms.

As of November 7, 2019, the defendants still have not executed a final settlement agreement.

## II. LEGAL ARGUMENT

The question of whether a settlement agreement is enforceable is governed by federal common law which looks primarily to New Jersey contract law in this case. *United States v. Lightman*, 988 F.Supp. 448, 457 (D.N.J. 1997). **The scope of the releases is a non-essential**

**term of the settlement;** the precise language of the release documents was not required to be agreed in order to create an enforceable settlement, where the concept of a release of claims in the lawsuit was agreed. See *McDonnell v. Engine Distribs*., Civ. No. 03-1999, 2007 WL 2814628, at * 3 (D.N.J. Sept. 24, 2007) (emphasis added) ("[I]t is sufficient if the parties orally agree on the essential terms, even though they contemplate the later execution of a formal document to memorialize their undertaking."). McDonnell, 2007 WL 2814628, at *8 ("The disputed terms - concerning the scope of the release, ensuring payment, tax treatment, indemnification, and the scope of confidentiality - all speak to the settlement's implementation. **They are not, however, essentials of the settlement.**") (emphasis added). Under New Jersey law "[a]s long as the parties orally agree to the essential terms, the settlement will be enforced notwithstanding the fact that a writing does not materialize because a party later reneges." McDonnell, 2007 WL 2814628, at *3.

Defense counsel's forwarding of the second draft of a written agreement since the filing of this motion, attached as Exhibit "A," validates the parties' agreement on the essential terms noted in the first paragraph above. The remaining minor wording changes do not preclude a finding that a settlement was reached on the essential terms. McDonnell, 2007 WL 2814628, at *3. Plaintiff requests the Court to add the non-material terms for implementation of the settlement and enforce Exhibit "A" hereto as the draft most consistent with the parties' agreement. It should not take over two months to reduce this settlement to an executed writing and have the defendants make the required payment.

## III. CONCLUSION

For the reasons set forth herein, plaintiff respectfully requests this Honorable Court to enforce the settlement agreement reached between the parties reflected in Exhibit "A" hereto.

Respectfully Submitted,

__Scott I. Fegley /s/__SIF1933___
Scott I. Fegley, Esq.
NJ Attorney I.D. No. 020871987
420 Sandalwood Avenue
Hamilton Square, NJ 08619
(609) 587-2696
Scott@FegleyLaw.com
(215) 493-8287
Attorney for Plaintiff

DATE: November 7, 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARK WEINBERGER<br><br>Plaintiff<br><br>v.<br><br>ESI CASES AND ACCESSORIES, INC.,<br><br>and<br><br>ELLIOT AZOULAY<br><br>Defendants | : | Civil Action No. 19-13988 |

**CERTIFICATE OF SERVICE**

I hereby certify that the original of plaintiff's supplemental memorandum of law in support of his motion to enforce a settlement agreement has been electronically filed pursuant to the electronic filing rules of the United States District Court for the District of New Jersey with notice to defendants.

__Scott I. Fegley /s/__SIF1933___
Scott I. Fegley, Esq.
NJ Attorney I.D. No. 020871987
420 Sandalwood Avenue
Hamilton Square, NJ 08619
(609) 587-2696
Scott@FegleyLaw.com
(215) 493-8287
Attorney for Plaintiff

DATE: November 7, 2019