UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW JERSEY

CASE NO. 19-CV-13988-KM-MAH

MARK WEINBERGER,

Plaintiff,

VS.

ESI CASES AND ACCESSORIES, INC. and ELLIOT AZOULAY,

Defendants.
______________________________________/

**DEFENDANTS' SUPPLEMENT TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [D.E. 7]**

Defendants, ESI Cases and Accessories, Inc. ("ESI") and Elliot Azoulay ("Mr. Azoulay) (collectively referred to hereafter as "Defendants"), by and through his undersigned counsel, hereby file this Supplement to Defendants' Opposition to Defendants' Motion to Enforce Settlement Agreement [D.E. 7] and state as follows:

**SUPPLEMENTAL SETTLEMENT CORRESPONDENCE**

There is currently scheduled before the Court a telephone status conference on January 17, 2020 at 11:30 a.m. at which time the Court will discuss the status of the parties' *alleged* putative settlement and the pending motion to enforce. D.E 13. In order to properly inform the Court of the ongoing negotiations regarding a potential settlement, Defendants supplement their initial Opposition to Plaintiff's Motion to Enforce Settlement Agreement [D.E. 7] to file correspondence between the parties related to ongoing settlement discussions. The correspondence is from December 9, 2019 through December 18, 2019 and is attached hereto as Exhibit "A".

The correspondence highlights some of the material issues that remain, including revisions, rejections and alternatives. Prior to any written draft of a settlement agreement being presented,

the general terms were "off the table" [DE 6-3 (page 10)], but the attorneys with their clients continued to work toward settlement, including but not limited to unresolved comments and open material issues from the filing of the initial Motion to Enforce [D.E. 6] filed on September 26, 2019. The material issues at hand were and are the scope of the non-competition language, disclosure information, issues surrounding an affidavit, publications as to employment Glassdoor website and the potential removal of information by Plaintiff from the ESI cell phone.[1]

On December 18, 2019, per comments by Plaintiff's counsel, an updated draft settlement agreement was presented by Defendants' counsel to resolve most of these outstanding material terms. It was not accepted. As of the filing of this supplement, there has not been an agreement to all the material terms or execution of the proposed settlement agreement. This issue is not simply about a settlement amount issue but the exiting of a corporate executive and significant terms related thereto.

*Respectfully submitted*,

SILVERBERG & WEISS, P.A.
*Attorneys for Defendants*
1290 Weston Road, Suite 218
Weston, Florida 33326
Telephone: (954) 384-0998
Facsimile: (954) 384-5390
notices@pkslegal.com

By: *s/Michael V. Miller*
Michael V. Miller
NJ Bar No. 00057-2009

[1] Prior to the filing of the Motion to Enforce, there was discussion involving return of company property, including a cell phone. During the litigation, Plaintiff was still employed with Defendant. As employment ended, the phone was turned in, but Plaintiff wiped the phone clean of all company information. If the Court grants Plaintiff's motion, it will not end litigation due to this loss of company information purposefully destroyed by Plaintiff. Plaintiff was a VP for sales and licensing.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via EC/CMF on this 30th day of December 2019.

By: *s/ Michael V. Miller*