**Paul Silverberg - www.pkslegal.com**

| | |
|---|---|
| **From:** | Paul Silverberg - www.pkslegal.com |
| **Sent:** | Wednesday, December 18, 2019 5:11 PM |
| **To:** | Scott Fegley |
| **Subject:** | RE: Weinberger |
| **Attachments:** | Settle Agreement 12-18-19 v2.docx; Settle Agreement 12-18-19 v2 Clean.pdf |

Until signed and fully exchanged by the parties, this draft agreement is not binding. Please have your client sign and you can hold in escrow for an exchange of documents.
Attached is a redline and clean copy. I have not sent it to my client with the latest changes.

Regards,

**PAUL K. SILVERBERG, ESQ.**

SILVERBERG & WEISS, PA
1290 WESTON ROAD, SUITE 218 - WESTON, FLORIDA 33326
954.384.0998 - MAIN | 305.280.0095 - MIAMI | 561.651.0998 - BOCA RATON | 813.803.0998 - TAMPA
954.384.5390 - FAX | 813.200.1005 - FAX | 239.580.5390 - FAX
EMAIL: psilverberg@pkslegal.com | WEB: www.pkslegal.com

**ATTENTION:** *The information contained in this E-mail message is privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Any tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any matters addressed herein.*

**Exhibit "A"**

**Paul Silverberg - www.pkslegal.com**

**From:** Paul Silverberg - www.pkslegal.com
**Sent:** Wednesday, December 18, 2019 3:51 PM
**To:** Scott Fegley
**Subject:** RE: Weinberger

I spoke to my client (and I will prepare) – but the election is your #3 with the extension of time.
We go back to the original non-compete without clarification and leave for another day what actually constitutes competition with ESI.

We will have a final deal, when its signed.

Regards,

**PAUL K. SILVERBERG, ESQ.**

SILVERBERG & WEISS, PA
1290 WESTON ROAD, SUITE 218 - WESTON, FLORIDA 33326
954.384.0998 - MAIN | 305.280.0095 - MIAMI | 561.651.0998 - BOCA RATON | 813.803.0998 - TAMPA
954.384.5390 - FAX | 813.200.1005 - FAX | 239.580.5390 - FAX
EMAIL: psilverberg@pkslegal.com | WEB: www.pkslegal.com

**ATTENTION:** *The information contained in this E-mail message is privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Any tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any matters addressed herein*

---

**From:** Scott Fegley <scott@fegleylaw.com>
**Sent:** Wednesday, December 18, 2019 3:37 PM
**To:** Paul Silverberg - www.pkslegal.com <psilverberg@pkslegal.com>
**Subject:** RE: Weinberger

#2 per your client, not mine. But as I said, we can leave it in if it gets Mr. Azoulay to sign the agreement. It is of no importance once the agreement is signed.

#4 This remains the sticking point. Mr. Weinberger informs me he was only involved with mobile or audio, so we agreed to limitations with regard to home audio and mobile fitness trackers. However, "home related" or "fitness" are simply too broad.

There are four options to resolving this last sticking point:

1. You accept the limiting language as proposed in my last draft
2. You provide a list of every home or fitness product manufactured or distributed by ESI you claim Mr. Weinberger was involved with in licensing, marketing or selling at ESI. If Mr. Weinberger confirms, we can attach as an addendum to the settlement agreement.
3. We go back to the original non-compete without clarification and leave for another day what actually constitutes competition with ESI. By the way, NY law is very favorable for the employee. So is NJ.

4. We let the court decide in January. My guess is the court will go with #3. The court will see that we have been very flexible in proposing a number of options to resolve this point while ESI keeps expanding the issues

As far as the phone wiping, Mr. Weinberger is adamant that he did not delete any ESI related texts or emails from the phone. Moreover, even assuming for the sake of argument he did, ESI uses a Windows 365 cloud based system. Accordingly, ESI would still have access to the emails through the cloud backup or on the laptop. And the fact that Mr. Weinberger returned the phone in September and you are raising this allegation now is troubling. The phone has been in your client's possession for three months and could have been tampered with by Mr. Azoulay or someone else at ESI. Your client will have the burden of proof with regard to this allegation. As I stated in my prior email, ESI will have to prove not only that Mr. Weinberger deleted company related information but that such deleted information caused harm to ESI. Has one customer complained of missing data in the last three months? Is there one missing communication ESI can identify that involved Mr. Weinberger and should have been on his phone?

Mr. Weinberger takes this accusation of destroying ESI property most seriously and will not be intimidated into broadening the scope of the non-compete (which is the only real issue in contention). Should ESI not have proof of its allegation, and simply uses it as an excuse to justify non-payment, we will seek interest, attorney fees and whatever other costs may be recovered as Rule 11 sanctions.

Scott Fegley

*The Fegley Law Firm*
*301 Oxford Valley Road*
*Suite 402 A*
*Yardley, PA 19067*

*For Business, Employment, and Personal Injury,*
*We Give You Peace of Mind*

*(215) 493-8287*
*http://www.fegleylaw.com/*
*facebook.com/fegleylaw*
*linkedin.com/in/scottfegleyesq*
*twitter.com/fegleylaw*

NEWTOWN BUSINESS ASSOCIATION
2016 BUSINESS OF THE YEAR

WINNER
BEST ATTORNEY
Scott I. Fegley, Esq.
2017
Happening List

Please consider the environment before printing.

---

**From:** Paul Silverberg - www.pkslegal.com <psilverberg@pkslegal.com>
**Sent:** Wednesday, December 18, 2019 3:03 PM
**To:** Scott Fegley <scott@fegleylaw.com>
**Subject:** RE: Weinberger

Just a few points (no waiving or agreeing to the balance – just wanted to make a quick point or 2 before I spoke to my client):

#2 – is accurate per my client.

#4 – is based on the license agreements of the company. Your client should note that I did leave out other products, so this is narrower than competing business due to your negotiations. If we go back to the generic line, these negotiations will not limit the scope going forward on restrictions in competition.

Phone wiping – if it's the company property then he has no write to wipe the entire phone clean. We are not talking about him removing personal text messages with family. We are talking about no contacts, no call history .... Nothing. So yes, if we cannot get this done, you have my notice of default (if there is a done settlement- it was our property that he modified/deleted) without permission.

Regards,

**PAUL K. SILVERBERG, ESQ.**

SILVERBERG & WEISS, PA
1290 WESTON ROAD, SUITE 218 - WESTON, FLORIDA 33326
954.384.0998 - MAIN | 305.280.0095 - MIAMI | 561.651.0998 - BOCA RATON | 813.803.0998 - TAMPA
954.384.5390 - FAX | 813.200.1005 - FAX | 239.580.5390 - FAX
EMAIL: psilverberg@pkslegal.com | WEB: www.pkslegal.com

**ATTENTION:** *The information contained in this E-mail message is privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Any tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any matters addressed herein.*

---

**From:** Scott Fegley <scott@fegleylaw.com>
**Sent:** Wednesday, December 18, 2019 11:48 AM
**To:** Paul Silverberg - www.pkslegal.com <psilverberg@pkslegal.com>
**Subject:** RE: Weinberger

Paul,

I will, of course, forward your email to Mr. Weinberger for a response as to the allegation of wiping the "company phone" clean. However, that does not really affect the language we are still bandying about in the proposed release and settlement agreement.

Let me address the language issues from easiest to resolve to more difficult:

1. I do not believe Mr. Weinberger will have a problem signing the new affidavit you have presented as it is essentially the same as the one he has already signed. However, I do not understand your proposed change to section 13 where you have blocked out the first part of the sentence referring to the affidavit Mr. Weinberger already presented regarding Mr. Goss. I am sure you understand Mr. Weinberger cannot represent in the settlement agreement that he has not provided a written affidavit or other information in pending litigation when, in fact, he has, you possess it, and you are asking him to sign an affidavit again. **Per the last draft you agreed to and sent me in November, the language of this section was resolved and I respectfully submit it should be left alone**. Again, I do not believe Mr. Weinberger will have any problem signing the new affidavit presented.

2. **You have inserted a new Section 2 which was not in any previous draft.** Again, you are asking Mr. Weinberger to make a factual representation contrary to the facts as he knows them. However, if the parties settle, the contested facts are immaterial. It doesn't matter whether Mr. Weinberger raised the

contractual issue of an override before his resignation or didn't. So if it will make Mr. Azoulay happy and gets Mr. Weinberger paid faster, I will recommend to Mr. Weinberger that he concede the insertion of the new section 2 if the other issues are resolved.

3. Old section 3 (now four) is unchanged and has been agreed upon. By the way, you did not re-number the document and there are now two section fours.

4. **Section 4 regarding the scope of the non-compete still remains as the only real stumbling block to finalizing the settlement agreement.** Mr. Weinberger will not agree to inclusion of "home related products" and "fitness products" since they are overreaching and go far beyond his work at ESI. Mr. Azoulay knows that. By attempting to define the scope of the non-compete within the settlement agreement, I had hoped to avoid the possibility of future conflict and litigation between our clients since the non-compete itself does not define the scope of "competition." However, if it will result in a finalization of the written agreement, I will recommend to my client that we simply remove any clarifying language and leave it as agreed that the existing non-compete is extended to September 24, 2022. It may well be that Mr. Weinberger will not be working in any position possibly deemed competitive and the scope of competition will never become an issue.

Finally, let me briefly respond to your threat of declaring a breach regarding Mr. Weinberger's alleged wiping of the phone. First, the phone and number were Mr. Weinberger's personal property to begin with. Through the settlement, Mr. Weinberger agreed to transfer ownership of the phone and the number to ESI. Mr. Weinberger deleted personal information unrelated to ESI business. Second, you have not identified any ESI information that you believe was stored on the phone that Mr. Weinberger allegedly deleted nor how deletion of alleged ESI information has caused ESI any damages. If you cannot identify the information and damages, you are merely speculating and devising roadblocks to delay the promised payment. **In all our prior communications, neither you nor Mr. Azoulay had raised the issue of "phone wiping" before.** In fact, your last communication referred to my "gamesmanship" in resorting to court intervention as the stumbling block. As we go through this negotiation, it is apparent that yours/Mr. Azoulay's positions keep shifting and the goal posts keep moving.

I truly hope that Section 4 can be resolved promptly, and that I hear from you promptly, in response to this email. Litigation only benefits you and I. However, we will seek to recover interest and attorney fees, and possibly Rule 11 sanctions If warranted, for any unfounded claim against Mr. Weinberger devised simply to give excuse to delay the promised payment which is the core of the settlement.

Scott Fegley

*The Fegley Law Firm*
*301 Oxford Valley Road*
*Suite 402 A*
*Yardley, PA 19067*

*For Business, Employment, and Personal Injury,*
*We Give You Peace of Mind*

*(215) 493-8287*
*http://www.fegleylaw.com/*
*facebook.com/fegleylaw*
*linkedin.com/in/scottfegleyesq*
*twitter.com/fegleylaw*

NEWTOWN BUSINESS ASSOCIATION
2016 BUSINESS OF THE YEAR

WINNER
BEST ATTORNEY
Scott I. Fegley, Esq.
2017
Happening List

Please consider the environment before printing.

**From:** Paul Silverberg - www.pkslegal.com <psilverberg@pkslegal.com>
**Sent:** Wednesday, December 18, 2019 9:26 AM
**To:** Scott Fegley <scott@fegleylaw.com>
**Subject:** RE: Weinberger

In the interest of a settlement and finalizing the relationship, our client proposes the attached revised settlement agreement and affidavit from your client. The affidavit is accurate to our knowledge, if your client disagrees with anything therein, please let us know so it can be updated/corrected. As your client is no longer an employee, we are utilizing your representation to communicate our desire for the same to him.

CONFIDENTIAL SETTLEMENT COMMUNICATION

Regards,

**PAUL K. SILVERBERG, ESQ.**

SILVERBERG & WEISS, PA
1290 WESTON ROAD, SUITE 218 - WESTON, FLORIDA 33326
954.384.0998 - MAIN | 305.280.0095 - MIAMI | 561.651.0998 - BOCA RATON | 813.803.0998 - TAMPA
954.384.5390 - FAX | 813.200.1005 - FAX | 239.580.5390 - FAX
EMAIL: psilverberg@pkslegal.com | WEB: www.pkslegal.com

SILVERBERG & WEISS ATTORNEYS AT LAW

**ATTENTION:** *The information contained in this E-mail message is privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Any tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any matters addressed herein.*

**From:** Paul Silverberg - www.pkslegal.com
**Sent:** Wednesday, December 18, 2019 8:32 AM
**To:** Scott Fegley <scott@fegleylaw.com>
**Subject:** RE: Weinberger

This email is in the interest in attempting to resolve this matter before the New Year.

A significant roadblock to the settlement is that your client wiped our client's company phone clean – destroying company property. As you believe there is a deal in place, we declare a breach. If we cannot resolve this breach, we will notify the Court and proceed with a claim against him. Our client believes that this was done to harm the company in a loss of information and hide his actions. Your client is on notice.

I will send a separate e-mail as to a proposal to resolve this matter entirely.

Regards,

**PAUL K. SILVERBERG, ESQ.**

SILVERBERG & WEISS, PA
1290 WESTON ROAD, SUITE 218 - WESTON, FLORIDA 33326
954.384.0998 - MAIN | 305.280.0095 - MIAMI | 561.651.0998 - BOCA RATON | 813.803.0998 - TAMPA
954.384.5390 - FAX | 813.200.1005 - FAX | 239.580.5390 - FAX
EMAIL: psilverberg@pkslegal.com | WEB: www.pkslegal.com

**ATTENTION:** *The information contained in this E-mail message is privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Any tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any matters addressed herein.*

---

**From:** Scott Fegley <scott@fegleylaw.com>
**Sent:** Monday, December 9, 2019 2:30 PM
**To:** Paul Silverberg - www.pkslegal.com <psilverberg@pkslegal.com>
**Subject:** RE: Weinberger

Your client should understand that there is a deal, and has been since Sept 26, as the three primary terms (amount, phone number, and extension of non-compete) have never been disputed. The resorts to the court have been as a result of the unprecedented silence for weeks after each attempt to finalize the language of the written agreement. If he thinks the court is going to void the entire deal over the last remaining sentence in dispute, then he obviously does not understand the case law.

And even though we rejected your last proposed draft of the sentence in Section 6, why wait weeks before responding to our counter-proposal? So who is involved in gamesmanship?

I understand only Mr. Azoulay has the authority to approve and sign the settlement agreement, but my client finds his behavior more retaliatory and vindictive. Again, if we cannot wrap this up on our own, I will ask the court to include interest on the judgment since September 26.

*The Fegley Law Firm*
*301 Oxford Valley Road*
*Suite 402 A*
*Yardley, PA 19067*

*For Business, Employment, and Personal Injury,*
*We Give You Peace of Mind*

*(215) 493-8287*
*http://www.fegleylaw.com/*

facebook.com/fegleylaw
linkedin.com/in/scottfegleyesq
twitter.com/fegleylaw

NEWTOWN BUSINESS ASSOCIATION
2016 BUSINESS OF THE YEAR

WINNER
BEST ATTORNEY
Scott I. Fegley, Esq.
2017 Happening List

Please consider the environment before printing.

---

**From:** Paul Silverberg - www.pkslegal.com <psilverberg@pkslegal.com>
**Sent:** Monday, December 9, 2019 1:04 PM
**To:** Scott Fegley <scott@fegleylaw.com>
**Subject:** RE: Weinberger

Your gamenship of filing with the court bothered our client as they believe there is no deal until we get the terms done. You rejected our terms, so there is no finished deal. I am trying, like you, to make a deal happen, but I don't have authority until the CEO approves the deal – which has not happened.

Regards,

**PAUL K. SILVERBERG, ESQ.**

SILVERBERG & WEISS, PA
1290 WESTON ROAD, SUITE 218 - WESTON, FLORIDA 33326
954.384.0998 - MAIN | 305.280.0095 - MIAMI | 561.651.0998 - BOCA RATON | 813.803.0998 - TAMPA
954.384.5390 - FAX | 813.200.1005 - FAX | 239.580.5390 - FAX
EMAIL: psilverberg@pkslegal.com | WEB: www.pkslegal.com

SILVERBERG & WEISS ATTORNEYS AT LAW

ATTENTION: *The information contained in this E-mail message is privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Any tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any matters addressed herein.*

---

**From:** Scott Fegley <scott@fegleylaw.com>
**Sent:** Monday, December 9, 2019 12:49 PM
**To:** Paul Silverberg - www.pkslegal.com <psilverberg@pkslegal.com>
**Subject:** Weinberger

Mr. Silverberg,

How long does it take to come to an agreement on one sentence? Your last communication was on November 20, three weeks ago. If we do not reach an agreement **and receive payment** before the court conference now

scheduled for January 17, I will seek interest or the $575,694.00 from September 26. Even at 3%, that will be an additional $5,756.94 and I will be asking for 6%.

Scott Fegley

*The Fegley Law Firm*
*301 Oxford Valley Road*
*Suite 402 A*
*Yardley, PA 19067*

*For Business, Employment, and Personal Injury,*
*We Give You Peace of Mind*

*(215) 493-8287*
*http://www.fegleylaw.com/*
*facebook.com/fegleylaw*
*linkedin.com/in/scottfegleyesq*
*twitter.com/fegleylaw*

NEWTOWN
BUSINESS ASSOCIATION
2016 BUSINESS OF THE YEAR

WINNER
BEST ATTORNEY
Scott I. Fegley, Esq.
2017
Happening List

Please consider the environment before printing.