MAKEFIELD EXECUTIVE QUARTERS
SUITE 402A
301 OXFORD VALLEY ROAD
YARDLEY, PA 19067
215-493-8287 · FAX 215-493-1567
www.fegleylaw.com

420 SANDALWOOD AVENUE
HAMILTON SQUARE, NJ 08619
609-587-2696
*Please reply to the Yardley office*

THE FEGLEY LAW FIRM

BUSINESS · EMPLOYMENT · PERSONAL INJURY

January 3, 2020

**VIA ELECTRONIC FILING**

The Honorable Kevin McNulty
Martin Luther King Building &
U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

RE: Mark Weinberger v ESI Cases and Accessories, Inc., et al
Civil Action No. 19-13988

Dear Judge McNulty:

Please accept this letter in lieu of a more formal response to the defendants' recently filed supplement to their opposition to plaintiff's Motion to Enforce a Settlement Agreement. As you know, the plaintiff, Mark Weinberger, presently has a motion pending to enforce a settlement agreement with the defendants which is the subject of a conference call with your Honor on January 17, 2020.

In a letter to your Honor on November 27, 2019, I presented the written draft of the settlement agreement existing at that time in which the only remaining point of contention was language in section six clarifying the scope of the non-compete. Exhibit "A." I expressed my frustration at defendants' excessive delay in working to resolve this language. Exhibit "A." As a result of my letter, the Court scheduled the upcoming conference.

In an email to defense counsel, Paul Silverberg, on December 9, 2019, I again expressed to him my frustration at the defendant's lack of response. Exhibit "B." He responded that it was my "gamesmanship" of filing with the Court that bothered his client as the client still believes there is no deal until an agreement is signed. Exhibit "B."

Thereafter, on December 18, 2019, Mr. Silverberg did present a new draft of the settlement agreement for consideration. Exhibit "C." **However, this draft, rather than focusing exclusively on section six, added an entirely new paragraph (No. 2) setting forth factual matter contrary to what my client verified in his complaint and required Mr. Weinberger, as a condition of settlement, to sign a separate affidavit regarding litigation to which Mr. Weinberger is not even a party.** See Exhibits "C" and "D." Mr. Silverberg also threatened that if Mr. Weinberger did not accept the new version of the settlement agreement, the

defendants would sue him for a breach of the settlement agreement for allegedly wiping his phone clean prior to returning it. Exhibit "C." The Court should note that Mr. Weinberger returned the phone to the defendants on September 25, 2019, (Fedex receipt can be provided) and **the settlement agreement itself recites "plaintiff has already turned over the laptop and smartphone. . ."** (Exhibit A, section 5). **Mr. Silverberg's email of December 18 is the first time the defendants have raised a complaint regarding company information allegedly missing from the phone.**

With Mr. Weinberger's permission, I suggested we simply drop the contested versions of the language in section six clarifying the scope of the non-compete and leave the clause as originally drafted providing for the one-year extension. Hopefully, the scope of the non-compete will never become an issue. Exhibit "E." Mr. Silverberg agreed to this change. Exhibit "E." Mr. Weinberger, however, will not agree to inclusion of the new paragraph two or sign the separate affidavit.

Since the parties agreed to the essential terms on September 26, 2019, the defendants have demonstrated a pattern of shifting positions regarding the language of the draft settlement agreement they originally presented in an effort to renege and avoid their obligations. However, the essential terms of the agreement (1) payment of $575,694.00, (2) 1-year extension of the non-compete, and (3) return of laptop, phone and phone number in exchange for a release have never changed. The defendants ask this Court to consider the attorney correspondence over the nuances of the written agreement as evidence an agreement has not been reached, but this is simply contrary to controlling precedent. See *McDonnell v. Engine Distribs.*, Civ. No. 03-1999, 2007 WL 2814628, at * 3 (D.N.J. Sept. 24, 2007). Now, the defendants have even resorted to a threat of baseless litigation.

Accordingly, I respectfully request your Honor to recognize the existence of a settlement agreement based on the draft presented with my previous letter of November 27, 2019, and omitting the clarifying language in section six. A final draft is included herewith as Exhibit "F." No further changes should be permitted. The settlement agreement should be enforced in accordance with controlling legal precedent.

Sincerely,

SCOTT I. FEGLEY

Enclosures

cc: Mark Weinberger
Paul K. Silverberg, Esq. (via email only)