UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CASE NO. 19-CV-13988-KM-MAH

MARK WEINBERGER,

Plaintiff,

VS.

ESI CASES AND ACCESSORIES, INC. and
ELLIOT AZOULAY,

Defendants.
_______________________________________/

**SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE**

This Settlement Agreement and Mutual General Release ("Agreement") is made by Plaintiff, MARK WEINBERGER, including his heirs, representatives, attorneys, successors, and assigns ("Plaintiff"), and Defendants, ESI CASES AND ACCESSORIES, INC., including its representatives, attorneys, agents, successors, and assigns, ("ESI") and ELLIOT AZOULAY, including his heirs, representatives, attorneys, successors, and assigns ("Defendants" and/or "Defendant") (collectively Plaintiff and Defendants are referred to as the "Parties").

1. The Parties hereto recognize that Defendants do not admit liability to Plaintiff, or to anyone else as a result of the matters set forth in the pleadings of the Plaintiff in the above entitled cause. Plaintiff represents this is payment in full except as otherwise expressly reserved in Section 3 below.

~~1.~~2. Plaintiff Mark Weinberger represents that prior to filing this action, he never asked or otherwise demanded payment of the amount due hereunder and that ESI or Azoulay never refused payment prior to his filing of this litigation. In fact, he represents that he forgot

Formatted: Font color: Red

about this Bonus/Commission/Override being due until the time of his resignation and first raised the issue via filing this action.[1]

ESI CASES AND ACCESSORIES, INC. shall pay Plaintiff the total sum of $575,694.00 as set forth below, and other good and valuable consideration as described below (the "Payment"). Payment shall be made in the following manner:

3.

(a) a check in the amount of $230,277.60 made payable to Scott I. Fegley, P.C. and sent within fourteen (14) days of defendants' receipt of the signed Agreement. Defendants shall issue Scott I. Fegley, P.C, a separate Form 1099 for this payment.

(b) a check in the amount of $345,416.40 made payable to Mark Weinberger and sent within fourteen (14) days of defendants' receipt of the signed Agreement. Defendants shall issue Mark Weinberger a separate Form 1099 for this payment.

~~3.~~4. In exchange for the mutual covenants and promises, contained herein, the Parties, including its representatives, attorneys, agents, successors, and assigns, hereby remise, acquit, release, satisfy and discharge, each other and their representatives, attorneys, agents, successors, assigns, predecessors and successors in interest, parents, subsidiaries, affiliates, divisions and related companies, and their past, present and future shareholders, officers, directors, supervisors, managers, trustees and employees (collectively, "Releasees"), in their individual and official capacities, and their heirs and legal representatives, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money,

[1] Defendants added this language in the 12-18-19 draft. It calls for plaintiff to recant facts he verified in the complaint as true. Plaintiff objects to this paragraph as both a new addition and to compelling plaintiff to make an untrue statement.

Formatted: Font color: Red

Formatted: Font color: Text 2

Formatted: Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: -0.43" + Indent at: 0.07"

accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which the Parties had or now have, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiff.

Without limiting the Release, the Release includes: (i) any and all claims growing out of, resulting from, related to, or connected in any way to Plaintiff's relationship and/or employment, and the termination/separation thereof, including but not limited to any and all claims for discrimination, harassment of any kind, retaliation, unequal pay, whistle-blowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974, as amended, torts of all kind, including but not limited to misrepresentation, negligent or otherwise, fraud, defamation, libel, battery, assault, slander, intentional infliction of emotional distress, interference with an advantageous business relationship, negligent hiring, negligent retention, discrimination, claims or rights under state and federal whistle-blower legislation, the Consolidated Omnibus Budget Reconciliation Act, the Family and Medical Leave Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standard Act, the Older Workers Benefit Protection Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, as amended, the State Civil Rights Act, state wage claims and any other claim of any kind; (ii) a waiver by Plaintiff of any rights of action and administrative and judicial relief which Plaintiff might otherwise have available in the state and federal courts arising from Plaintiff's relationship or employment with Defendants, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders

and county and municipal ordinances and regulations.

The Parties hereby expressly reserve and exclude from this Release only the plaintiff's vested rights and sums held within the ESI Cases and Accessories Employee Stock Ownership Plan. Nothing in this settlement shall change the plaintiff's account and Plaintiff shall be provided the required annual reports in accordance with the Plan to the extent it has not been previously provided. Nothing in this paragraph creates new obligations or liability on ESI with regard to the plan.

Formatted: Not Highlight

Formatted: Font color: Auto, Not Highlight

The Parties hereby expressly reserve and exclude from this Release only any violations by Plaintiff of his Confidentiality Agreement with ESI on July 24, 2008, after his resignation notice.

Formatted: Font color: Auto, Not Highlight

4. As part of this Agreement, Plaintiff specifically waives any present and future claim for reinstatement or employment with Defendants or their subsidiaries or related entities at any time in the future. The Parties hereto specifically recognize that substantial questions of fact and law exist as to any possible claim or claims (legal, equitable or otherwise) by Plaintiff and therefore, as part of this Settlement, Plaintiff further specifically agrees, as a condition of Plaintiff's receipt and retention of the sums provided for herein, not to seek employment with Defendants or any of Defendants' subsidiaries or related entities at any time in the future and not to discuss his claims and the issues related thereto with any current or former employee of Defendants or any related entity. Defendants are under no obligation or duty to consider Plaintiff for re-employment in the future.

5. The Parties agree that laptop, phone number 973-590-6691 and the smartphone is owned and shall be the property of Defendant, ESI CASES AND ACCESSORIES, INC. Plaintiff has already turned over the laptop and smartphone and shall otherwise cooperate with Defendant's property rights.

6. Plaintiff has signed a Confidentiality Agreement with ESI CASES AND ACCESSORIES, INC. on July 24, 2008, which Plaintiff acknowledges is valid and enforceable. As part of the consideration of this settlement, the Parties agree that the non-compete term therein shall be extended to September 24, 2022. However, for purposes of clarification, the phrase "any company or entity engaged in business similar to that of the Company" shall mean only companies or entities engaged in the licensing, sale or distribution of ~~accessories for~~ mobile, ~~and~~ audio, home related, and fitness devices ~~devices~~ and accessories, including licensing associated with for the mobile, audio and fitness market. For purposes of this paragraph, "fitness" shall refer to watches and trackers, and their associated accessories. For purposes of this paragraph "home" shall mean home audio products, doorbells, **security cameras, light switches and picture frames,** and their associated accessories.[2]

7. It is further agreed and understood that ESI shall make the settlement payments to Plaintiff's counsel as set forth in Section 2 above to be held in trust pending the filing of a stipulation of dismissal with prejudice by counsel for plaintiff within ten (10) days of the receipt of the aforementioned payments (a) and (b).

8. Plaintiff agrees to assume full responsibility for, and to hold Defendants harmless for, the payment of any federal, state, or local taxes with respect to the Payment, and Plaintiff shall be responsible for, and hold Defendants harmless for, and/or reimburse Defendants, for any and all taxes, including any interest or penalty assessed by any taxing entity against Defendants.

[2] In paragraph 6, the plaintiff objected only to the inclusion of security cameras, light switches and picture frames as highlighted in bold. Alternatively, plaintiff suggested removing the clarifying language entirely and reverting to the defendants' original paragraph which ended at "September 24, 2022." Defense counsel accepted this proposal via an email response on 12-18-19. Accordingly, there should not be any disputed language left in this paragraph.



**Formatted:** Font color: Red
**Formatted:** Font color: Red, Not Highlight
**Formatted:** Font color: Red
**Formatted:** Font color: Red, Not Highlight
**Formatted:** Font color: Red
**Formatted:** Font color: Red, Not Highlight
**Formatted:** Font color: Red
**Formatted:** Font color: Red, Not Highlight
**Formatted:** Font: Bold, Font color: Red, Not Highlight
**Formatted:** Font color: Red, Not Highlight
**Formatted:** Not Highlight
**Formatted:** Not Highlight
**Formatted:** Font color: Red
**Formatted:** Font color: Text 2
**Formatted:** Font color: Text 2
**Formatted:** Font color: Text 2
**Formatted:** Font color: Text 2

9. Should any party breach any provisions or paragraphs of this Agreement, the non-breaching party shall have all rights, remedies and/or causes of action available at law or in equity to enforce the terms of this Agreement. In any action to enforce this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs.

10. It is further understood and agreed that the total sum paid as set forth above, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final release effected thereby. Plaintiff hereby represents and warrants that he has entered into this Settlement Agreement of his own free will and accord and in accordance with Plaintiff's own judgment, and after consultation with Plaintiff's attorneys. Plaintiff hereby states that Plaintiff and Plaintiff's counsel have made a full and independent investigation of all the facts and representations relating to this agreement and release and therefore states that Plaintiff has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set out herein. Plaintiff specifically states that Plaintiff is executing this Agreement knowingly and voluntarily.

11. Plaintiff acknowledges that Plaintiff has thoroughly read the entire Agreement, and specifically acknowledges the following:

a) Plaintiff understands the language of the settlement agreement and release, and that any questions Plaintiff may have had during Plaintiff's review of the Agreement were explained to Plaintiff's satisfaction and understanding by retained legal counsel of his choosing;

b) Plaintiff understands that this is a mutual waiver and mutual release;

c) Plaintiff's waiver of rights and claims in this Agreement is in exchange

for good and valuable consideration; and

d) Plaintiff has been advised to consult, and has consulted or had adequate opportunity to consult, legal counsel of his choosing prior to executing this Agreement.

12. It is further agreed that each party shall bear their own costs and attorneys' fees, incurred in the above entitled suit and in handling the matters covered by this Settlement Agreement.

13. The Parties further agree not to disparage or make negative remarks about the other through any public statements, through any form of social media or internet communications, or any other written or oral communications to any other persons or entities. Plaintiff has been made aware of a claim by ESI as to a posting on ~~shall remove from~~ Glassdoor regarding Defendant and Plaintiff represents that such positing is not related to him and that he has not posted anything -on Glassdoor (and any other) posts regarding Defendants (or its employees) prior to the Payment being released from his counsel's trust account. Prior to the Payment being released from the trust account, Plaintiff will provide a written sworn statement that he has not posted anything regarding ESI (or its business or employees) to be utilized by ESI. [3] Plaintiff shall not make, or ask, suggest or recommend that others make any internet or social media posts regarding Defendants. Except for the 17 paragraph affidavit dated

[3] In an email exchange on November 18, 2019, defense counsel agreed to the following revision of the highlighted language:

Plaintiff has been made aware of a claim by ESI as to a posting on Glassdoor regarding Defendant and Plaintiff represents that he has not posted anything negative about ESI on Glassdoor (or any other) negative posts regarding Defendants (or its employees) anywhere. Prior to the Payment being released from his counsel's trust account, Plaintiff will provide a written sworn statement reaffirming that he has not posted anything negative regarding ESI (or its business or employees).

Accordingly, plaintiff believed this issue had been resolved, but defense counsel did not insert the agreed upon language into this draft.

**Formatted:** Font color: Red

**Formatted:** Font color: Red, Not Highlight

**Formatted:** Font color: Red

**Formatted:** Font color: Dark Blue

**Formatted:** Font color: Dark Blue

**Formatted:** Not Highlight

**Formatted:** Font color: Auto, Not Highlight

**Formatted:** Not Highlight

**Formatted:** Font color: Auto, Not Highlight

**Formatted:** Not Highlight

**Formatted:** Font color: Auto, Not Highlight

**Formatted:** Not Highlight

**Formatted:** Font color: Auto, Not Highlight

**Formatted:** Not Highlight

**Formatted:** Font color: Auto, Not Highlight

**Formatted:** Not Highlight

**Formatted:** Font color: Auto, Not Highlight

**Formatted:** Not Highlight

**Formatted:** Font color: Dark Blue

September 25, 2019 sent by Plaintiff's counsel to Defendant's counsel via e-mail on November 11, 2019, Plaintiff represents that he has not provided any written affidavit or any other information as to Defendants to anyone considering potential or in litigation with Defendants, including but not limited to Eric Gross.[4]

14. The Parties agree that the Agreement shall not become effective or enforceable until the Court enters the Final Order of Dismissal.[5]

15. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or Parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

16. This Agreement cannot be modified, altered or changed except by a writing signed by the Parties wherein specific reference is made to this Agreement.

17. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto regarding resolution of non-wage and hour claims.

18. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The Parties agree that this Agreement is the product of joint authorship and negotiation, and in the event of any ambiguity the Agreement shall not be construed against any party.

19. This Agreement may be executed in multiple counterparts, each of which shall

[4] On 12-18-19, defendants made a new condition of settlement plaintiff's signing a new affidavit substantially contradicting statements made in the affidavit plaintiff provided on September 25, 2019 related to the separate Goss litigation. Plaintiff objects to the requirement of a separate affidavit as both a new addition and again compelling plaintiff to make untrue statements.

[5] The plaintiff has maintained since filing his motion on September 26, 2019, that the basis for an enforceable settlement agreement exists in accordance with prevailing case law. This document memorializes the settlement - the three pillars of which are the monetary compensation (para. 3), relinquishment of telephone number, phone and laptop, (para. 5) and 1-year extension of non-compete (para. 6). These pillars have not been contested at any time.



Formatted
Formatted: Font color: Red
Formatted: Font color: Dark Blue
Formatted: Font color: Dark Blue
Formatted: Font color: Dark Blue
Formatted: Font color: Dark Blue
Formatted: Font color: Dark Blue
Formatted: Font color: Dark Blue
Formatted: Font color: Dark Blue

constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

[SIGNATURES ON NEXT PAGE]

AGREED AND ACCEPTED this day of October, 2019.

**Plaintiff:**

__________________________________
Name: Mark Weinberger

AGREED AND ACCEPTED this day of October, 2019.

**Defendant: ESI CASES AND ACCESSORIES, INC.**

__________________________________
By:
President

AGREED AND ACCEPTED this day of October, 2019.

**Defendant:**

__________________________________
Name: Elliot Azoulay