MAKEFIELD EXECUTIVE QUARTERS
SUITE 402A
301 OXFORD VALLEY ROAD
YARDLEY, PA 19067
215-493-8287 · FAX 215-493-1567
www.fegleylaw.com

420 SANDALWOOD AVENUE
HAMILTON SQUARE, NJ 08619
609-587-2696
*Please reply to the Yardley office*

THE FEGLEY LAW FIRM
BUSINESS · EMPLOYMENT · PERSONAL INJURY

January 31, 2020

**VIA ELECTRONIC FILING**

Hon. Michael A. Hammer
Martin Luther King Building &
U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

RE: Mark Weinberger v ESI Cases and Accessories, Inc., et al
Civil Action No. 19-13988

Dear Judge Hammer:

At the conclusion of the telephone conference held Wednesday, January 22nd, you asked counsel to report back in a week on our progress in negotiating the last two disputed items affecting the settlement agreement in the above matter. On Friday, January 24th, after consulting my client, I submitted to Mr. Silverberg the following proposed language for paragraph two:

> 2. Plaintiff Mark Weinberger agrees that he forgot about the Bonus/Commission/Override being due until a disagreement with Elliott Azoulay arose in or about October 2018 regarding his 2018 commissions and caused him to review his contract. Mark Weinberger further agrees he never asked Mr. Azoulay for or demanded payment of the specific amount due hereunder prior to the litigation. However, Mr. Weinberger did inquire of Mr. Azoulay in an email dated October 19, 2018, and in correspondence from his attorney dated April 25, 2019, how his bonus/commissions had been calculated prior to filing this lawsuit on June 11, 2019.

The language is not only truthful, it is supported by documentation between the parties.

I also informed Mr. Silverberg my client was now willing to sign the affidavit his client requested as a condition of settlement with a few minor revisions (see attached).

Before sending this letter, I communicated with Mr. Silverberg via email Wednesday, January 29th, in an effort to submit a joint response as Your Honor directed. While I believe Mr. Silverberg made the effort to gain his clients' cooperation, Mr. Azoulay, once again, apparently

has not given him the authorization to respond and we remain in limbo. It appears it will be necessary for Your Honor to order Mr. Azoulay to appear in court himself and explain his silence.

Sincerely,

SCOTT I. FEGLEY

Enclosure
cc: Mark Weinberger (via email only)
Paul K. Silverberg, Esq. (via email only)

AFFIDAVIT OF MARK WEINBERGER

STATE OF ____________ )
)
COUNTY OF ___________ )

I, Mark Weinberger, being duly sworn, deposes and states as follows:

1. I am the former Executive Vice President and Vice President of Licensing and Business Development of E.S.I. Cases and Accessories ("ESI"). I was employed with ESI in this capacity during the entire duration of Eric Goss's employment with ESI.

2. I have known Eric Goss for over 25 years and consider Mr. Goss to be a personal friend.

3. I did not participate in the negotiation of Mr. Goss's terms of employment with ESI and I have no knowledge of the terms of Mr. Goss's employment agreement with ESI.

**4.** While we were both employed by ESI, Mr. Goss did not report to me and I was not responsible for supervising or **~~otherwise reviewing or examining~~ evaluating** Mr. Goss's **~~work~~ performance.**

5. Aside from my personal compensation, I have no knowledge of any compensation (commissions or otherwise) paid by ESI to any of its employees, including Mr. Goss.

6. During Mr. Goss's employment with ESI, I ha**d no reason to have any** discussions with Mr. Goss concerning any outside business and I did not ask Mr. Goss if he was involved with any business other than ESI.

7. I was only in ESI's New York office approximately **5 – 8** times while **~~ESI employed~~** Mr. Goss **was also present**.

8. I have no knowledge of the reasons or events that caused ESI to terminate Mr. Goss.

Dated: ___________ ___, 2019
New York, New York

______________________________
Mark Weinberger

Sworn to before me this
___ day of _________, 2019

__________________________
NOTARY PUBLIC